UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MASON HAMM,<br><br>                Defendant. | 5:16-CR-50173-JLV<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PRETRIAL IDENTIFICATION OF PHOTOGRAPHIC AND VIDEO EXHIBITS (DOC. 35) |

Pending is Defendant Mason Hamm's Motion for Pretrial Identification of Photographic and Video Exhibits (Doc. 35). United States District Court Judge Jeffrey L. Viken, Chief Judge, referred Mr. Hamm's Motion to this magistrate judge for determination. (Doc. 42).

## **BACKGROUND**

Under the Court's current scheduling order, Mr. Hamm's trial is set for January 30, 2018, and his pretrial conference is set for January 22, 2018. (Doc. 24). Mr. Hamm requests that the government identify which discovery items it intends to use in its case-in-chief by January 12, 2018. In support of his motion, Mr. Hamm argues that the photographic and video records in his case are enormous, and pretrial identification of the government's intended exhibits will promote a fair and efficient trial. Without such identification, Mr. Hamm argues he will be unable to address the admissibility of certain items before the pretrial conference.

1

The government responds that Federal Rule of Criminal Procedure 16(a)(1)(E) does not require the government to specifically identify which items it intends to use in its case-in-chief. The government further responds that it will provide the Court with a copy of its exhibits by noon on January 19, 2018, pursuant to the current scheduling order. The government additionally states that it provided Mr. Hamm with discovery in February 2017, allowing him nearly a year to review the documents; moreover, by providing discovery obtained through search warrants, the government has not intended to overwhelm Mr. Hamm with irrelevant materials.

## **DISCUSSION**

District courts have broad discretion to resolve motions to compel discovery in criminal cases. United States v. Hintzman, 806 F.2d 840, 846 (8th Cir. 1986). A district court's decision regarding a motion to compel discovery is proper if, considering the circumstances, the decision is not "a gross abuse of discretion resulting in fundamental unfairness at trial." Id. (internal quotation omitted).

Federal Rule of Criminal Procedure 16 governs pre-trial disclosure obligations, and requires the government to provide discovery of three categories of items within its custody or control: items "material to preparing the defense"; documents that "the government intends to use . . . in its case-in-chief at trial"; and items "obtained from or belong[ing] to the defendant." Fed. R. Crim. P. 16(a)(1)(E).

Little authority exists within the Eighth Circuit on Mr. Hamm's specific request—namely, that Rule 16(a)(1)(E)(ii) requires the government to disclose photos and videos it intends to use in its case-in-chief.  Eighth Circuit cases addressing Rule 16 have found that defendants have no right to disclosures prior to the timeframes set out in the Rule.  See generally United States v. Graves, 856 F.3d 567, 570 (finding no Rule 16(a)(1)(E) violation where government provided defendant with open discovery file; "[Defendant] provides no instances where lack of access to specific discovery prejudiced his trial defense."); United States v. Miller, 698 F.3d 699, 704 (8th Cir. 2012) (denying defendant's motion for pretrial witness disclosure under Rule 16(a)(1)(E)).

Some district courts have held that "Rule 16 does not entitle a defendant to pretrial disclosure of the government's exhibit list."  United States v. Prince, 618 F.3d 551, 562 (6th Cir. 2010); see United States v. Nachamie, 91 F. Supp. 2d 565, 568–69 (S.D.N.Y. 2000) (denying defendants' request for pretrial exhibit list); but see United States v. Giffen, 379 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (declining to follow Nachamie and, in the interests of fairness and based on Rule 16's policy concerns, directing the government to provide a pretrial exhibit list 30 days before trial).

Other district courts have ordered the prosecution to identify the documents it intends to offer in its case in chief.  See United States v. Upton, 856 F.Supp. 727, 748 (E.D.N.Y. 1994; United States v. Turkish, 458 F.Supp. 874, 882 (S.D.N.Y. 1994).  This authority exists under the "court's inherent authority to regulate the nature and timing of discovery."  Giffen, 379

3

F.Supp.2d at 344. In Giffen, the court ordered the government to provide a preliminary trial exhibit list and copies of those exhibits no later than thirty days prior to the start of trial, "[t]o ensure an efficient presentation at trial." Id.

The court possess the authority to regulate discovery under Rule 16(d)(1). "At any time the court may, for good cause. . . grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Federal Rule of Criminal Procedure 2 provides that "[t]hese rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." As Mr. Hamm indicates in his motion, the amount of discovery in this case is voluminous. Requiring the government to provide Mr. Hamm with a pretrial exhibit list by January 12, 2018 comports with Rule 2 and Rule 16's policy directives. Furthermore, although applicable case law states a defendant has no right to early disclosure of a pretrial exhibit list, granting such a motion in the interests of justice nonetheless falls within the court's discretion. See Hintzman, 806 F.2d at 846; Giffen, 379 F. Supp. 2d at 344. Pretrial disclosure will permit Mr. Hamm to adequately sort through discovery and prepare for *both* the pretrial conference and for trial, which will promote judicial efficiency. Therefore, Mr. Hamm is entitled to pretrial disclosure of photographic and video exhibits.

## **CONCLUSION**

Based on the foregoing law and analysis, it is hereby

4

ORDERED that the government provide Mr. Hamm with a copy of its pretrial exhibit list no later than January 12, 2018.

**<u>NOTICE OF RIGHT TO APPEAL</u>**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 30th day of December, 2017.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge